Robert Wolfe, Esq. (State Bar No. 132845)
ENGSTROM, LIPSCOMB & LACK
10100 Santa Monica Blvd., 16th Floor
Los Angeles, CA 90067
Telephone (310) 552-3800
Facsimile (310) 552-9434

Alan Nakazawa, Esq. (State Bar No. 84670)
Dena Aghabeg, Esq. (State Bar No. 185311)
COGSWELL NAKAZAWA & CHANG, LLP
444 West Ocean Boulevard, Suite 1250
Long Beach, California 90802-8131
Telephone (562) 951-8668
Facsimile (562) 951-3933

Attorneys for Plaintiffs
Alan Carpenter and Tracy Ragsdale

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ALAN CARPENTER AND TRACY RAGSDALE, individuals,

    Plaintiffs,

vs.

Tug MICHAEL UHL, her engines, machinery, tackle, equipment, furnishings and appurtenances, *in rem*, and MARITIME LOGISTICS, INC., FRANK LOVING, an individual, and BLAINE HUGHES, an individual *in personam*,

    Defendants.

CASE NO. 07CV 0166 DMS PQR

VERIFIED COMPLAINT IN REM TO ENFORCE MARITIME LIEN AND IN PERSONAM FOR DAMAGES ARISING FROM MARITIME TOWAGE

COMES NOW, Plaintiffs Alan Carpenter and Tracy Ragsdale (hereinafter collectively referred to as the "Plaintiffs"), and as a Verified Complaint against the tug MICHAEL UHL, *in rem*, and Maritime Logistics, Inc., Frank Loving, and Blaine Hughes, *in personam*, and allege as follows:

    1.    This is a case of admiralty and maritime jurisdiction, as will more fully appear, and is an admiralty or maritime claim within the meaning of Rule

---

1

VERIFIED COMPLAINT IN REM TO ENFORCE MARITIME LIEN AND IN PERSONAM FOR DAMAGES ARISING FROM MARITIME TOWAGE

9(h) of the Federal Rules of Civil Procedure, and Rules C and E of the Supplemental Rules for Admiralty and Maritime Claims. This Court also has jurisdiction pursuant to 28 U.S.C. Section 1333.

2. Plaintiffs Alan Carpenter and Tracy Ragsdale are individuals who reside in Berthoud, Colorado, and at all material times herein, were the owners of the yacht ALBION, a Defever Trawler of approxmately 62 feet.

3. Plaintiffs are informed and believe and thereupon allege that the Defendant MICHAEL UHL is an ocean-going tug of approximately 86 feet in length and 82 gross tons, which is registered with the United States Coast Guard with an official number of 545092. Plaintiffs are informed and believe and thereupon allege that the MICHAEL UHL is now or will be during the pendency of this action within the jurisdiction of this Court.

4. Plaintiffs are informed and believe and thereupon allege that Defendant Maritime Logistics, Inc. (hereinafter "Maritime Logistics") is a California corporation with an address in Creston, California, and is and was at all material times herein and is the owner and/or operator of the MICHAEL UHL. Plaintiffs are informed and believe and thereupon allege Maritime Logistics is and was at all material times, doing business within this Court's jurisdiction.

5. Plaintiffs are informed and believe and thereupon allege that Defendant Frank Loving, an individual, resides in Morro Bay, California, and is and was at all material times the owner and/or operator and Captain of the MICHAEL UHL.

6. Plaintiffs are informed and believe and thereupon allege that Blaine Hughes, an individual, resides in California, and was at all material times, the substitute Captain of the MICHAEL UHL. The tug MICHAEL UHL, Maritime Logistics, Inc. Frank Loving and Blaine Hughes are hereinafter collectively referred to as the "Defendants".

7. On or about January 21, 2005, Defendants Maritime Logistics and

VERIFIED COMPLAINT IN REM TO ENFORCE MARITIME LIEN AND IN PERSONAM FOR DAMAGES ARISING FROM MARITIME TOWAGE

Frank Loving agreed to tow the ALBION from San Diego to Winchester Bay, Oregon using their tug MICHAEL UHL.

8. Plaintiffs are informed and believe and thereupon allege that on or about January 22, 2005, the crew of the MICHAEL UHL secured the ALBION to a tow line from the MICHAEL UHL in San Diego and the tow set out from San Diego with Frank Loving in command.

9. Plaintiffs are informed and believe and thereupon allege that on or about January 24, 2005, the tow arrived in Morro Bay, California. Frank Loving reported to the Plaintiffs that the ALBION was completely dry and that the tow would depart Morro Bay for Oregon in about a week.

10. Plaintiffs are informed and believe and thereupon allege that on or about January 30, 2005, the tow departed Morro Bay for Oregon. Unbeknownst to Plaintiffs and without Plaintiffs' permission, Plaintiffs are informed and believe and thereupon allege that Frank Loving wrongfully abandoned command of the tow and hired a substitute Captain, defendant Blaine Hughes, to take his place.

11. Plaintiffs are informed and believe and thereupon allege that on or about January 30, 2005, while the ALBION was being towed by Defendants, the ALBION took on water and sank near Monterrey Bay, California, resulting in the loss of the ALBION and other loss, injury and damages to Plaintiffs.

12. A maritime lien exists against the MICHAEL UHL for Plaintiffs' claims by operation of law.

## FIRST CAUSE OF ACTION
### (Maritime Tort Against all Defendants)

13. Plaintiffs reallege and incorporate herein as though set forth in full their allegations contained in paragraphs 1 through 12, inclusive, hereinabove. set forth.

14. The sinking of the ALBION and the loss, injury and damages suffered by Plaintiffs was caused solely and proximately by the unseaworthy

condition of the tug and/or the negligence and lack of reasonable care and/or gross negligence and willful misconduct of Defendants, and each of them, including, without limitation, the failure of Defendants to exercise reasonable care in navigation and in handling and caring for the tow and/or statutory violations of navigation and towage regulations, failure of Defendants to exercise due diligence to ensure that the tug was properly equipped and properly manned by a properly licensed, qualified and experienced Master and crew, and failure of Defendants to take proper action to save the sinking tow.

15. The sinking and loss of the ALBION was not caused or contributed to by the negligence or fault of Plaintiffs or the ALBION, but was caused solely by the fault, negligence, gross negligence, unseaworthy condition of the tug and/or and willful misconduct of Defendants, and each of them.

16. By reason of the matters set forth hereinabove, Plaintiffs have suffered loss, injury and damages and will continue to suffer loss, injury and damages, including, without limitation, the loss of the ALBION, expenses incurred in salvage operations, and liability, if any, to government agencies and/or third parties for salvage, pollution and natural resource damage.

17. Plaintiffs are not presently informed fully of the nature and extent of damage, loss and injury suffered and to be suffered but are informed and believe that such damage, loss and injury will exceed the amount of $1,000,000, plus reasonable attorneys' fees and costs, in an amount yet to be determined.

## SECOND CAUSE OF ACTION

**(Breach of Contract Against Maritime Logistics and Frank Loving)**

18. Plaintiffs reallege and incorporate herein as though set forth in full their allegations contained in paragraphs 1 thru 17, inclusive, hereinabove set forth.

19. On or about January 21, 2005, Plaintiffs and Defendants Maritime Logistics and Frank Loving entered into a Towage Agreement to tow the ALBION

VERIFIED COMPLAINT IN REM TO ENFORCE MARITIME LIEN AND IN PERSONAM FOR DAMAGES ARISING FROM MARITIME TOWAGE

from San Diego to Winchester Bay, Oregon.

20. The Towage Agreement provided, *inter alia*, that Defendants Maritime Logistics and Frank Loving warranted that they would use due diligence to provide the tug MICHAEL UHL in a seaworthy condition. The Towage Agreement also provided that said Defendants would not subcontract performance or assign their interest in the Agreement without the express permission of Plaintiffs.

21. The Towage Agreement further provided that the parties submit to the exclusive jurisdiction of the United States District Court in San Diego with respect to litigation arising out of the Agreement or out of performance of the Agreement and that the substantially prevailing party in any such litigation shall be entitled to its reasonable attorneys' fees.

22. Plaintiffs have performed all obligations under the Towage Agreement that they were required to perform.

23. The sinking of the ALBION and the loss, injury and damages suffered and to be suffered by Plaintiffs was the direct, proximate and sole result of the breach or breaches of Defendants Maritime Logistics and Frank Loving, and each of them, of their agreements and warranties, expressed and/or implied, under the Towage Agreement.

24. By reason of the matters set forth hereinabove, Plaintiffs have suffered loss, injury and damages and will continue to suffer loss, injury and damages, including, without limitation, the loss of the ALBION, expenses incurred in salvage operations, and liability, if any, to government agencies and/or third parties for salvage, pollution and natural resource damage.

25. Plaintiffs are not presently informed fully of the nature and extent of damage, loss and injury suffered and yet to be suffered but are informed and believe that such damage, loss and injury will exceed the amount of $1,000,000 plus reasonable attorneys' fees and costs in an amount not yet ascertained.

## THIRD CAUSE OF ACTION

### (Breach of Warranty Against Maritime Logistics and Frank Loving)

26. Plaintiffs reallege and incorporate herein as though set forth in full their allegations contained in paragraphs 1 thru 25, inclusive, hereinabove set forth.

27. In performing the towage services, Defendants Maritime Logistics and Frank Loving, and each of them, warranted that they would exercise due diligence to provide a seaworthy tug and warranted that they would perform said services in a workmanlike manner using proper equipment and personnel.

28. The sinking of the ALBION and the damages, injury and loss suffered by Plaintiffs and yet to be suffered by Plaintiffs, was caused by the breach by Defendants Maritime Logistics and Frank Loving, and each of them, of their warranties, express and implied.

29. By reason of the matters set forth hereinabove, Plaintiffs have suffered loss, injury and damages and will continue to suffer loss, injury and damages, including, without limitation, the loss of the ALBION, expenses incurred in salvage operations, and liability, if any, to government agencies and/or third parties for salvage, pollution and natural resource damage.

30. Plaintiffs are not presently informed fully of the nature and extent of damage, loss and injury suffered and yet to be suffered but are informed and believe that such damage, loss and injury will exceed the amount of $1,000,000, plus reasonable attorneys' fees and costs, in an amount yet to be determined.

## FOURTH CAUSE OF ACTION

### (Indemnity/Negligence Against All Defendants)

31. Plaintiffs reallege and incorporate herein as though set forth in full their allegations contained in paragraphs 1 thru 30, inclusive, hereinabove set forth.

32. The sinking and loss of the ALBION and any liability and damages

VERIFIED COMPLAINT IN REM TO ENFORCE MARITIME LIEN AND IN PERSONAM FOR DAMAGES ARISING FROM MARITIME TOWAGE

incurred by Plaintiffs or to be incurred by Plaintiffs as a result of the casualty were not caused or contributed to by the negligence or fault of Plaintiffs or the ALBION, but were caused solely by the fault and negligence and/or gross negligence and willful misconduct of Defendants, and each of them.

33. By reason of the matters set forth hereinabove, Defendants, and each of them, are obligated to defend, indemnify and hold harmless Plaintiffs from any and all liability incurred by Plaintiffs, and each of them, as a result of the casualty including, without limitation, liability, if any, to government agencies and/or third parties for salvage, pollution and natural resource damage.

34. Plaintiffs are not presently informed fully of the nature and extent of damage, loss and injury suffered and to be suffered but are informed and believe that such damage, loss and injury will exceed the amount of $1,000,000, plus reasonable attorneys' fees and costs in an amount yet to be determined.

## FIFTH CAUSE OF ACTION

**(Indemnity/Breach of Contract Against Maritime Logistics and Frank Loving)**

35. Plaintiffs reallege and incorporate herein as though set forth in full their allegations contained in paragraphs 1 thru 34, inclusive, hereinabove set forth

36. The sinking and loss of the ALBION and any liability and damages incurred by Plaintiffs and to be incurred by Plaintiffs as a result of the casualty were not caused or contributed to by the breach or breaches of Plaintiffs of their obligations under the Towage Agreement, but were caused solely by the breach or breaches of Defendants Maritime Logistics and Frank Loving, and each of them, of their agreements and warranties, express and/or implied, relating to the towage.

37. By reason of the matters set forth hereinabove, Defendants Maritime Logistics and Frank Loving, and each of them, are obligated to defend, indemnify and hold harmless Plaintiff from any and all liability incurred by Plaintiffs, and each of them, as a result of the casualty including, without limitation, liability, if

7
VERIFIED COMPLAINT IN REM TO ENFORCE MARITIME LIEN AND IN PERSONAM FOR DAMAGES ARISING FROM MARITIME TOWAGE

any, to government agencies and/or third parties for salvage, pollution and natural resource damage.

38. Plaintiffs are not presently informed fully of the nature and extent of damage, loss and injury suffered and to be suffered but are informed and believe that such damage, loss and injury will exceed the amount of $1,000,000, plus reasonable attorneys' fees and costs, in an amount not yet ascertained.

## SIXTH CAUSE OF ACTION

### (Contribution Against All Defendants)

39. Plaintiffs reallege and incorporate herein as though set forth in full their allegations contained in paragraphs 1 thru 38, inclusive, hereinabove set forth.

40. By reason of the matters set forth hereinabove, Plaintiffs are entitled to contribution from Defendants, and each of them, to the extent Defendants' fault, negligence, gross negligence and/or willful misconduct contributed to the liability or damages incurred by Plaintiffs.

## SEVENTH CAUSE OF ACTION

### (Declaratory Relief)

41. Plaintiffs reallege and incorporate herein as though set forth in full their allegations contained in paragraphs 1 thru 40, inclusive, hereinabove set forth.

42. There is an actual controversy between Plaintiffs and Defendants regarding the legal rights and duties of the parties with respect to the casualty. Plaintiffs contend that if they incur any liability as a result of the casualty or incur any damage, loss, or injury as a result of the casualty, or incur any attorneys' fees and costs as a result of litigation arising from the casualty, they are entitled to indemnification and/or contribution from Defendants, and each of them, for all such liability, damage, injury, loss and attorneys' fees and costs. The exact nature of the contentions of Defendants is not known to Plaintiffs but Plaintiffs are

informed and believe and thereupon allege that Defendants deny and dispute in some manner the contentions of Plaintiffs.

43. Plaintiffs seek a declaration of the rights and liabilities of the parties pursuant to 28 U.S.C. Section 2201.

WHEREFORE, Plaintiffs pray as follows:

1. That a warrant for arrest of the MICHAEL UHL, her engines, machinery, tackle, equipment, furnishings and appurtenances be issued and that all persons having or claiming an interest therein be cited to appear and answer the matters aforesaid;

2. That Plaintiffs have judgment *in rem* against the MICHAEL UHL, her engines, machinery, equipment, furnishings and appurtenances to enforce Plaintiffs' maritime lien for any and all damages, injury, loss, liability, costs, expenses and attorneys' fees incurred by Plaintiffs as a result of the casualty, according to proof, with interest and costs, and that the MICHAEL UHL be condemned and sold to satisfy Plaintiffs' judgment;

3. That the Court order judgment in favor of Plaintiffs against Defendants Maritime Logistics, Frank Loving, and Blaine Hughes, and each of them, for any and all damages, injury, loss, liability, costs, expenses and attorneys' fees incurred by Plaintiffs as a result of the casualty, according to proof, plus interest and costs;

4. For reasonable attorneys' fees and costs, according to proof;

5. That the Court declare the rights, duties and obligations of the parties herein;

6. That the Court award Plaintiffs interest on all of the above;

//

9
VERIFIED COMPLAINT IN REM TO ENFORCE MARITIME LIEN AND IN PERSONAM FOR DAMAGES ARISING FROM MARITIME TOWAGE

7. That the Court award Plaintiffs such other and further relief as the Court may deem just and proper.

Dated: January 25, 2007         COGSWELL NAKAZAWA & CHANG, LLP

                                By: _____
                                    Alan Nakazawa,
                                    Attorneys for Plaintiffs Alan Carpenter and
                                    Tracy Ragsdale

VERIFIED COMPLAINT IN REM TO ENFORCE MARITIME LIEN AND IN PERSONAM FOR DAMAGES ARISING FROM MARITIME TOWAGE

*Alan Carpenter and Tracy Ragsdale v. Tug MICHAEL UHL, et al.*

DOCUMENT DESCRIPTION: **VERIFIED COMPLAINT IN REM TO ENFORCE MARITIME LIEN AND IN PERSONAM FOR DAMAGES ARISING FROM MARITIME TOWAGE**

### VERIFICATION

I, the undersigned, say (check applicable paragraph):

[X] I am a party to this action. I have read the foregoing document and know its contents. The matters stated in it are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[ ] I am one of the attorneys for _____, a party to this action. Said party is absent from the county where said attorneys have their office, and I make this verification for and on behalf of said party for that reason. I have read the foregoing document and know its contents. I am informed and believe and on that ground allege that the matters stated in it are true.

[ ] I am an officer of _____, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I have read the foregoing document and know its contents. I am informed and believe and on that ground allege that the matters stated in it are true.

[ ] I have been designated as the agent of _____ for the limited and sole purpose of verifying the foregoing document. I have read the foregoing document and know the contents thereof; the same is true of my own knowledge, except as to the matters which are stated therein upon information and belief, and as to those matters I believe them to be true.

Executed on January 25, 2007, at _____, California.

[X] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[X] I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_/s/ Alan Carpenter_
Alan Carpenter

1  *Alan Carpenter and Tracy Ragsdale v. Tug MICHAEL UHL, et al.*

3  DOCUMENT DESCRIPTION:   **VERIFIED COMPLAINT IN REM TO ENFORCE MARITIME LIEN AND IN PERSONAM FOR DAMAGES ARISING FROM MARITIME TOWAGE**

## VERIFICATION

I, the undersigned, say (check applicable paragraph):

[X] I am a party to this action. I have read the foregoing document and know its contents. The matters stated in it are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

[ ] I am one of the attorneys for _____, a party to this action. Said party is absent from the county where said attorneys have their office, and I make this verification for and on behalf of said party for that reason. I have read the foregoing document and know its contents. I am informed and believe and on that ground allege that the matters stated in it are true.

[ ] I am an officer of _____, a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. I have read the foregoing document and know its contents. I am informed and believe and on that ground allege that the matters stated in it are true.

[ ] I have been designated as the agent of _____ for the limited and sole purpose of verifying the foregoing document. I have read the foregoing document and know the contents thereof; the same is true of my own knowledge, except as to the matters which are stated therein upon information and belief, and as to those matters I believe them to be true.

Executed on January 25, 2007, at Bethlehem, Connecticut

[X] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

[X] I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*Tracy Ragsdale*

≡JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Carpenter, Alan
Ragsdale, Tracy

(b) County of Residence of First Listed Plaintiff  LARIMER
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Alan Nakazawa, Cogswell Nakazawa & Chan. LLP, 444 W. Ocean Blvd., Suite 1250, Long Beach, CA 90802 Tel: (562) 951-8668

## DEFENDANTS
Tug MICHAEL UHL, Maritime Logistics, Inc.
Loving, Frank and Hughes, Blaine

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

'07CV 0166  DMS POR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☒ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | PERSONAL PROPERTY | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Rule 9(h), FR Civ. P. and 28 U.S. (section 1331(1)
Brief description of cause:
In Rem admiralty action against the tug MICHAEL UHL.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 1,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 01/25/2007
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # 13427  AMOUNT $350  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___

fee 1/26/07

ORIGINAL

```
UNITED STATES
DISTRICT COURT
Southern District of California
San Diego Division

# 134276 - A3
January 26, 2007


Code      Case #        Qty     Amount

CV086900 3-07-CV-0166           60.00 CH
   Judge  - SABRAW
 CV086400                       100.00 CH
 CV510090                       190.00 CH


Total->                         350.00


FROM: CIVIL FILING
      CARPENTER ET AL V. TUG MICHAEL
      UHL ET AL
      DCN 2565  CH
```