Robert J. Wolfe, Esq. (State Bar No. 131582)
ENGSTROM, LIPSCOMB & LACK
10100 Santa Monica Boulevard, 16th Floor
Los Angeles, CA 90067
Telephone: (310-552-3800
Facsimile: (310-552-9434)

Alan Nakazawa, Esq. (State Bar No. 84670)
Dena Aghabeg, Esq. (State Bar No. 185311)
COGSWELL NAKAZAWA & CHANG, LLP
444 West Ocean Boulevard, Suite 1250
Long Beach, CA 90802-8131
Telephone: (562) 951-8668
Facsimile: (562) 951-3933
Attorneys for Plaintiffs
ALAN CARPENTER AND TRACY RAGSDALE

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN CARPENTER and TRACY RAGSDALE, individuals,<br><br>　　　　　　Plaintiffs,<br><br>　v.<br><br>Tug MICHAEL UHL, her engines, machinery, tackle, equipment, furnishings and appurtenances, *in rem*, and MARITIME LOGISTICS, INC., FRANK LOVING, an individual, and BLAINE HUGHES, an individual *in personam*,<br><br>　　　　　　Defendants. | CASE NO. 07CV0166 DMS POR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PREJUDGMENT INTEREST AND REASONABLE ATTORNEYS' FEES**<br><br>Date:　　　August 14, 2009<br>Time:　　　1:30 p.m.<br>Location:　Courtroom 10 |

Plaintiffs ALAN CARPENTER and TRACY RAGSDALE hereby submit their Memorandum of Points and Authorities in Support of Motion for Prejudgment Interest and Reasonable Attorneys' Fees.

///

///

319516.1

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On April 29, 2009 this matter came on regularly for a bench trial before the Honorable Dana M. Sabraw, United States District Court Judge. The Plaintiffs, Alan Carpenter and Tracy Ragsdale, brought suit against the Tug Michael Uhl, Maritime Logistics, Inc., Frank Loving and Blaine Hughes for damages arising out of the sinking of the Albion on January 31, 2005. The Defendants prosecuted a Counterclaim against the Plaintiffs. After the presentation of evidence and argument by the parties, the Honorable Judge Dana M. Sabraw issued his Findings of Fact and Conclusions of Law on June 18, 2009 [hereinafter "Findings"]. *See*, Exhibit "1" to the Declaration of Robert J. Wolfe in Support of Plaintiffs' Motion for Attorney Fees and Costs. In short, the Court found that the Defendants had a duty to "dog" or lock the Albion's drive shaft. *See*, Findings, Section II, pg. 11, ¶ 7. The Court further found that the Defendants failed to "dog" or lock the Albion's drive shaft [*see*, Findings, Section II, pg. 12, ¶ 15] and that the breach of their duty to "dog" the Albion's port side drive shaft caused the Albion to sink. *See*, Findings, Section II, pg. 16, ¶ 21. The Court found that the value of the Albion on the date it sank was $88,203.50. *See*, Findings, pg. 18, ¶ 27. The Court further found that the Plaintiffs suffered damages for the costs incurred in attempting to raise the Albion in the amount of $215,630.95 and damages paid to the United States for environmental claims arising out of the sinking of the Albion in the amount of $287,704.75 for a total recovery to the Plaintiffs as a result of Defendants' negligence in the amount of $591,539.15. *See*, Findings, Section II, pg. 19, ¶ 8.

## II. PLAINTIFFS ARE ENTITLED TO PREJUDGMENT INTEREST.

The Albion sank on January 31, 2005. The Court determined that the value of the Albion at the time it sank to be $88,203.50. [*See*, Findings, pg. 18, ¶ 27] In addition, the Court awarded Plaintiffs $215,630.90 in costs incurred in attempting to raise the Albion.

[*See*, Findings, pg. 18, ¶28] The Plaintiffs incurred the $215,630.90 on February 18, 2005 [*See*, Trial Exhibit No. 52]

An award of prejudgment interest is intended to "accomplish the just restitution of injured parties." *Alkmeon Naviera, S.A. v M/V Marina L.*, 633 F.2d 789, 797 (9th. Cir. 1980) Although in admiralty the allowance of prejudgment interest is a matter reserved to the discretion of the trial court, it is routinely granted in all but exceptional circumstances. *Mitsui & Co., Ltd., v. American Export Lines, Inc.*, 636 F.2d 807, 823 (2d Cir. 1981). Prejudgment interest is to be awarded to compensate a party for the lost opportunity to use his or her money between the time a claim accrues and the time of judgment. *See, West Virgina v. United States* (1987) 479 US 305, 308-309, 107 S.Ct. 702, 705. The trial court has the broad discretion to determine when prejudgment interest commences and what rate of interest to apply to make the prevailing party whole. *See, Columbia Brick Works, Inc. v. Royal Insurance Company of America*, 768 F.2d 1066, 1068 (9th Cir. 1985) Therefore, the trial court should award prejudgment interest to accomplish its purpose to make the prevailing party whole. *See, Milwaukee v. Nat. Gypsum Co.*, 515 U.S. 189, 195-196, 115 S.Ct. 2091, 132 L.Ed.2d 148 (1995)

In the instant case, the Plaintiffs will not be made whole unless the court awards prejudgment interest. The Plaintiffs lost the value of the Albion as of January 31, 2005 and incurred $215,630.90 in recovery costs on February 18, 2005. Because of the Defendants' negligent conduct, the Plaintiffs have been out of pocket $303,834.40 from at least February 18, 2005.[1] The Plaintiffs contend that the reasonable rate of return for an award of pre-judgment interest is 7 to 10 percent. [*See, Miller Industries v. Catepillar Tractor Co.*, 733 F.2d 813, 822-23 (11th Cir. 1984 (affirming grant of 10% prejudgment

---

[1] *Although the Plaintiffs are entitled to interest on the loss of the Albion from January 31, 2005, the Plaintiffs, for ease of calculation, use the date the Plaintiffs incurred the costs for attempting to raise the Albion as the commencement date for prejudgment interest.*

319516.1     3
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PREJUDGMENT INTEREST AND ATTORNEY FEES
*Carpenter v. Michael Uhl, et al.*     CASE NO. 07CV0166 DMS POR

interest); *U.S. Fire Ins. Co. v. Cavanaugh*, 732 F.2d 832, 835 (11th Cir. 1984) (affirming a prejudgment interest award of 12%)] Although the Plaintiffs believe they are entitled to a higher interest rate, the Plaintiffs seek the prejudgment interest rate as proscribed by 28 U.S.C. §1961 which governs the rate of post judgment interest. Section 1961 provides for interest at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System. ...." The interest rate for the 1 year constant maturity Treasury note for 2005 was 3.62%. *See*, Declaration of Robert J. Wolfe, ¶9 and Exhibit "3" thereto. Based upon the interest rate of 3.62%, using a date of February 18, 2005 as a commencement date until June 18, 2009, Plaintiffs are entitled to prejudgment interest in the amount of $50,760.84 . The amount is calculated as follows:

| Year | Principal Balance | Number of Days | Daily Rate [2] | Interest | Total |
|---|---|---|---|---|---|
| 2005 | $303,834.40[3] | 316[4] | $30.13 | $9,521.08 | $313,355.48 |
| 2006 | $313,355.48 | 365 | $31.08 | $11,344.20 | $324,699.68 |
| 2007 | $324,699.68 | 365 | $32.20 | $11,753.00 | $336,452.68 |
| 2008 | $336,452.68 | 365 | $33.69 | $12,296.85 | $348,749.53 |

---

[2] *The Daily Rate is the product of the Beginning Principal Balance multiplied by the interest rate of 3.62%. The product of that calculation is then divided by 365 to determine the Daily Rate. For example, for the year 2005, $303,834.40 is multiplied by 3.62% to achieve an annual interest of $10,998.31. The annual interest is then divided by 365 to determine a daily rate of $30.13.*

[3] *The figure $303,834.40 is achieved by adding the value of the Albion on the date of loss ($88,203.50) and the costs the Plaintiffs incurred in attempting to raise the Albion ($215,630.90).*

[4] *February 18, 2005 to December 31, 2005.*

319516.1     4
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR PREJUDGMENT INTEREST AND ATTORNEY FEES
*Carpenter v. Michael Uhl, et al.*     CASE NO. 07CV0166 DMS POR

| | | | | | |
|---|---|---|---|---|---|
| 2009 | $348,749.53 | 169[5] | $34.59 | $5,845.71 | $354,595.24 |
| Total | | | | $50,760.84 | |

Based upon the foregoing calculation, the Plaintiffs respectfully request $50,760.84 in prejudgment interest.

III. PLAINTIFFS ARE ENTITLED TO THEIR REASONABLE ATTORNEY FEES.

Assessment of attorneys' fees and costs may be authorized by contract or statute. *Crowley American Transport Inc., v. Richard Sewing Machine Corp.*, 172, F.3d 781, 785 (11th Cir. 1999) citing to *Woodard v. STP Crop.*, 170 F.3d 1043, 1045 fn. 3 (11th Cir. 1999). In the instant case, the parties agreed that the prevailing party shall be entitled to its reasonable attorney's fees. The contract between the parties, The Standard Towage Agreement, states in pertinent part:

> Governing Law/Jurisdiction: This agreement shall be governed by the general maritime law of the United States, or by the laws of the State of California in the event there is no applicable general maritime rule of law. The parties submit to the exclusive jurisdiction of the United States District Court located in San Diego, California, with respect to any litigation arising out of this Agreement or out of the performance of services hereunder. With further respect to any litigation arising hereunder, the substantially prevailing party in any such action shall be entitled to its reasonable attorney's fees." [Trial Exhibit No. 1; *see also* Exhibit "2" to the Declaration of Robert J. Wolfe filed concurrently herewith]

There can be no doubt that Plaintiffs were the prevailing party, let alone the substantial prevailing party. The Court found that the Plaintiffs shall recover $591,529.13 in damages from the Defendants and that the Defendants recover nothing on their Counterclaim. *See*, Findings, Section III, pg. 21. Given the Court's findings, the Plaintiffs are the prevailing party and entitled to attorney's fees pursuant to the

---

[5] *January 1, 2009 to June 18, 2009.*

agreement reached between the parties as set forth in the Standard Towage Agreement.

Because of the sinking of the Albion, Plaintiffs retained two law firms in this matter. On February 11, 2005, the Plaintiffs retained the law firm of Engstrom, Lipscomb & Lack ("EL&L") to assist the Plaintiffs through the quagmire of insurance related issues, governmental agencies, the recovery of the Albion and to prosecute litigation against the responsible parties to recover the Plaintiffs' losses as a result of the sinking of the Albion. Thereafter, the Plaintiffs also retained the services of Cogswell, Nakazawa & Chang ("CN&C") to assist EL&L in the prosecution of their claims against the Defendants. Both firms provided services in connection with the litigation that ensued as a direct result of the Defendants' negligence in connection with their services provided under the Standard Towage Agreement.

In addition to the litigation against the Defendants, as a result of the Defendants' negligence, the Plaintiffs were also forced to retain the services of EL&L to interact with, and bring litigation against, their insurance carrier because of a coverage dispute regarding the claims by various governmental agencies. Further, the Plaintiffs required the services of EL&L and CN&C regarding litigation brought by the United States asserting damage to the Monterey Bay Marine Sanctuary caused by the sinking of the Albion. As set forth above, the Plaintiffs were also forced to file the instant action against the Defendants to prosecute their claims and defend the Counterclaim brought by the Defendants.

With respect to the litigation commenced by the United States and the instant action, EL&L and CN&C did not duplicate efforts, and the services performed by each firm was necessary and reasonable for the prosecution/defense of the actions. Although each firm used different mechanisms of compensation, CN&C was compensated on an hourly basis and EL&L performed on a contingent fee basis, both firms' methods and

rates of compensation are reasonable and customary. Based upon the declarations of Robert J. Wolfe and Alan Nakazawa, the Plaintiffs respectfully request that the Court award reasonable attorney fees in the amount of $125,046.00 for services rendered by CN&C and $289,034.99 for the services rendered by EL&L for a total of $414,080.99 in attorney's fees.

## IV. CONCLUSION

Since the Plaintiffs suffered damages dating back to 2005, the only manner in which to make them whole is to award prejudgment interest. As such, the Plaintiffs respectfully request that the Court award Plaintiffs prejudgment interest in the amount of $50,760.84. In addition, pursuant to the parties contractual agreement, the Plaintiffs are entitled to reasonable attorney fees. Plaintiffs have incurred attorney fees in the amount of $414,080.99 as a result of the instant litigation. These fees were reasonable and necessary and the method of compensation and the hourly rates are customary.

Dated: July 2, 2009                                  ENGSTROM, LIPSCOMB & LACK


By /s/ Robert J. Wolfe
    ROBERT J. WOLFE
    Attorneys for Plaintiffs
    ALAN CARPENTER and
    TRACY RAGSDALE

# CERTIFICATE OF SERVICE

*Alan Carpenter, et al. v. Tug MICHAEL UHL, et al.*
*U.S. District Court, Southern District of California,* Case No. 07 CV 0166 DMS POR

  I hereby certify that on July 2, 2009, a copy of the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PREJUDGMENT INTEREST AND REASONABLE ATTORNEYS' FEES** was filed electronically. Notice of This filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system:

Alan Nakazawa
Cogswell Nakazawa & Chang, LLP
alan.nakazawa@ecd-law.com

Marilyn Raia
Bullivant Houser Bailey, PC
marilyn.raia@bullivan.com

Norman J. Ronneberg, Jr.
Bullivant Houser Bailey, PC
norman.ronneberg@bullivant.com

  I declare under penalty of perjury under thye laws of the United States of America that the foregoing is true and correct.

            /s/ Yvonne R. Thompson
              Yvonne R. Thompson

@PFDesktop\::ODMA/PCDOCS/ELLHMDM/319628/1

CERTIFICATE OF SERVICE
*Carpenter v. Michael Uhl, et al.*            CASE NO. 07CV0166 DMS POR