**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALAN CARPENTER AND TRACY RAGSDALE, individuals,,<br><br>            Plaintiffs,<br><br>      vs.<br><br>Tug MICHAEL UHL, her engines, machinery, tackle, equipment, furnishings and appurtenances, *in rem*, and MARITIME LOGISTICS, INC., FRANK LOVING, and individual, and BLAINE HUGHES, an individual *in personam*,<br><br>            Defendants. | CASE NO. 07cv0166 DMS (POR)<br><br>**ORDER (1) GRANTING PLAINTIFFS' MOTION FOR PREJUDGMENT INTEREST AND (2) DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR REASONABLE ATTORNEYS' FEES**<br><br>**[Docket No. 128]** |

This case comes before the Court on Plaintiffs' motion for prejudgment interest and reasonable attorneys' fees. Defendants filed an opposition to the motion, and Plaintiffs filed a reply. For the reasons set out below, the Court grants Plaintiffs' motion for prejudgment interest and denies without prejudice their motion for reasonable attorneys' fees.

Defendants do not dispute that an award of prejudgment interest is appropriate in this case. However, they do dispute the interest rate to be applied, and how it should be calculated. After reviewing the parties' briefs and the relevant legal authority, the Court awards Plaintiffs' prejudgment interest at their requested rate of 3.62 percent, compounded annually, for a total of $50,760.84.

/ / /

Turning to Plaintiffs' request for attorneys' fees, the motion should have been filed "no later than 14 days after the entry of judgment[.]" Fed. R. Civ. P. 54(d)(2)(B)(i). The judgment was filed on June 18, 2009, therefore Plaintiffs should have filed their motion on or before July 2, 2009. Plaintiffs did not file their motion until July 6, 2009. Having failed to file their motion in a timely manner, Plaintiffs may have waived their claim for attorneys' fees. *See Port of Stockton v. Western Bulk Carrier KS*, 371 F.3d 1119, 1122 (9th Cir. 2004). Furthermore, they have failed to demonstrate good cause to excuse that waiver. *See Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 889-90 (9th Cir. 2000). Absent this showing, Plaintiffs' motion for reasonable attorneys' fees is denied without prejudice.[1]

**IT IS SO ORDERED**.

DATED: September 29, 2009

HON. DANA M. SABRAW
United States District Judge

---

[1] The Court notes that if Plaintiffs resubmit their request for attorneys' fees, they should also submit detailed time records to support their request, either *in camera* or pursuant to a stipulated protective order.