Robert J. Wolfe, Esq. (State Bar No. 131582)
ENGSTROM, LIPSCOMB & LACK
10100 Santa Monica Boulevard, 16th Floor
Los Angeles, CA 90067
Telephone:  (310-552-3800
Facsimile:  (310-552-9434)

Alan Nakazawa, Esq. (State Bar No. 84670)
Dena Aghabeg, Esq. (State Bar No. 185311)
COGSWELL NAKAZAWA & CHANG, LLP
444 West Ocean Boulevard, Suite 1250
Long Beach, CA 90802-8131
Telephone:  (562) 951-8668
Facsimile:  (562) 951-3933
Attorneys for Plaintiffs
ALAN CARPENTER AND TRACY RAGSDALE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN CARPENTER and TRACY RAGSDALE, individuals,<br><br>Plaintiffs,<br><br>v.<br><br>Tug MICHAEL UHL, her engines, machinery, tackle, equipment, furnishings and appurtenances, *in rem*, and MARITIME LOGISTICS, INC., FRANK LOVING, an individual, and BLAINE HUGHES, an individual *in personam*,<br><br>Defendants. | CASE NO. 07CV0166 DMS POR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REASONABLE ATTORNEYS' FEES**<br><br>**ORIGINAL HEARING DATE:**<br>*August 14, 2009*<br><br>**NEW HEARING DATE:**<br>*December 11, 2009*<br>TIME:           1:30 p.m.<br>LOCATION:  Courtroom 10 |

Plaintiffs ALAN CARPENTER and TRACY RAGSDALE hereby submit their Memorandum of Points and Authorities in Support of Motion for Reasonable Attorneys' Fees.

///

///

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

On April 29, 2009 this matter came on regularly for a bench trial before the Honorable Dana M. Sabraw, United States District Court Judge. The Plaintiffs, Alan Carpenter and Tracy Ragsdale, brought suit against the Tug Michael Uhl, Maritime Logistics, Inc., Frank Loving and Blaine Hughes for damages arising out of the sinking of the Albion on January 31, 2005. The Defendants prosecuted a Counterclaim against the Plaintiffs. After the presentation of evidence and argument by the parties, the Honorable Judge Dana M. Sabraw issued his Findings of Fact and Conclusions of Law on June 18, 2009 [hereinafter "Findings"]. *See*, Exhibit "4" to the Supplemental Declaration of Robert J. Wolfe in Support of Plaintiffs' Motion for Attorney Fees. In short, the Court found that the Defendants had a duty to "dog" or lock the Albion's drive shaft. *See*, Findings, Section II, pg. 11, ¶ 7. The Court further found that the Defendants failed to "dog" or lock the Albion's drive shaft [*see*, Findings, Section II, pg. 12, ¶ 15] and that the breach of their duty to "dog" the Albion's port side drive shaft caused the Albion to sink. *See*, Findings, Section II, pg. 16, ¶ 21. The Court found that the value of the Albion on the date it sank was $88,203.50. *See*, Findings, pg. 18, ¶ 27. The Court further found that the Plaintiffs suffered damages for the costs incurred in attempting to raise the Albion in the amount of $215,630.95 and damages paid to the United States for environmental claims arising out of the sinking of the Albion in the amount of $287,704.75 for a total recovery to the Plaintiffs as a result of Defendants' negligence in the amount of $591,539.15. *See*, Findings, Section II, pg. 19, ¶ 8.

On July 2, 2009, the Plaintiffs filed their Motion for Attorney Fees and Prejudgment Interest with Supporting Declarations. *See*, Exhibit "1" to Supplemental Declaration of Robert J. Wolfe in Support of Plaintiffs' Motion for Attorney Fees, filed concurrently herewith, Docket Nos. 119, 120 and 121. The next Court day, the

Plaintiffs received notice from the Clerk to re-file the Motion for Attorney Fees and Prejudgment Interest. The Plaintiffs did so immediately. [*See*, Docket No. 130] On July 17, 2009, the Defendants filed their Notice of Appeal and on July 31, 2009, the Defendants filed their Response to Plaintiffs' Motion for Attorney Fees. [*See*, Docket No. 140]

On September 30, 2009, the Plaintiffs were served with this Court's Order which denied without prejudice the Plaintiffs' Motion for Attorneys' Fees, subject to a showing of good cause as to why the Motion was filed on July 6, 2009 and not July 2, 2009. The Court further stated in its Order that if Plaintiffs are to re-file their Motion, the Plaintiffs should submit their time sheets either *in camera* or pursuant to a protective order. [*See*, Docket No. 168] The Plaintiffs have filed concurrently herewith their attorney time records *in camera*.

II. **GOOD CAUSE EXISTS TO ACCEPT PLAINTIFFS' MOTION OF ATTORNEY FEES LATER THAN THE FOURTEEN DAYS SET BY FRCP RULE, 54(d)(2)(B)**

Plaintiffs timely filed their Motion for Attorney's Fees on Thursday, July 2, 2009, the 14th day after entry of judgment on June 18, 2009. The Motion was accompanied by two supporting declarations. Plaintiffs inadvertently filed these three documents via CM/ECF as separate docket entries, docket numbers 119, 120, and 121. The Court was closed on Friday, July 3, 2009, for Independence Day. On Monday, July 6, 2009, the Court's clerk contacted Plaintiffs' counsel and requested that the Motion and its supporting declarations be resubmitted as a single docket entry with two attachments. Plaintiffs immediately did so that same day. The resubmitted Motion appears as Docket number 128. Neither the motion nor the attached declarations were altered in any way from the original filing on July 2, 2009.

///

Plaintiffs contend that the Motion for Attorneys' Fees was filed timely on July 2, 2009 albeit inadvertently in error. However, even assuming that the Motion was filed late on July 6, 2009, this Court has authority to accept motions filed late as a result of excusable neglect under FRCP, Rule 6(b)(1)(B). In *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 394-95 (1993), the U.S. Supreme Court identified four factors that a court should consider when evaluating whether to accept such a motion filed late:

1) Whether allowing the late motion prejudices the opposing party;
2) Whether allowing the late motion has any effect on the judicial proceedings;
3) The reason for the delay; and
4) Whether the moving party acted in good faith.

These factors apply to the question of whether a district court should extend the 14-day deadline to file a motion for attorney's fees under Fed. R. Civ. P. 54(d)(2)(B). *See, In re Veritas Software Corp. Securities Litigation*, 496 F.3d 962, 973 (9th Cir. 2007) The purpose of the 14-day rule is to ensure that the opposing party has notice of the attorney's fee claims before the time to file a notice of appeal has expired. *Leidel v. Ameripride Services, Inc.*, 322 F.Supp.2d 1206, 1210 (D. Kan. 2004) (citing 1993 Advisory Committee Notes to Fed. R. Civ. P. 54). Where the opposing party actually had notice of the attorney fee demand within the 14-day period, "denying [a motion for attorneys fees] on strictly procedural grounds would appear to contravene the spirit of Rule 54(d)(2)(B)." *Id.* In *Leidel*, a prevailing plaintiff filed a motion for extension of time to file a motion for attorneys' fees after the 14-day limit had expired, and filed the motion for attorneys' fees itself 10 days later. The District Court considered and granted the two motions together. In first granting an extension of time under Rule 6(b)(1)(B), the court addressed the *Pioneer* factors. It ruled that there was no prejudice to the defendant caused by a 1- or 2-day delay, no unreasonable delay to the judicial

process, and no evidence of bad faith. The court also noted that the plaintiff submitted an estimate of the attorney's fees to the defendant before the 14-day period expired, and so the purpose of the 14-day rule was not compromised by allowing a late filing.

In this case, as in *Leidel*, the four *Pioneer* factors all favor this Court accepting Plaintiffs' motion for attorneys' fees past the 14-day deadline. First, there is no prejudice to the Defendants. The Defendants received the Motion and supporting Declarations in their entirety on July 2, 2009 via electronic service. See, Exhibit "2" to the Supplemental Declaration of Robert J. Wolfe filed concurrently herewith. The Defendants filed their Opposition to the Motion and did not raise any issue that the Motion was not timely filed or that they were somehow prejudiced as to the re-submission of the Motion and supporting Declarations. [*See*, Docket No. 140]

Second, the Motion's filing did not have any effect on the judicial proceedings. Plaintiffs initially filed the motion via CM/ECF on July 2, 2009 within 14 days of entry of judgment. This Motion noticed a hearing date of August 14, 2009. Plaintiffs' second filing of the Motion on July 6, 2009 retained the same hearing date of August 14, 2009. The subsequent briefing on the Motion, Defendants' Response and Plaintiffs' Reply, were therefore submitted on the same schedule as the July 2, 2009 filing. Briefing was closed no later than if the motion had been filed within 14 days of entry of judgment, and thus Plaintiffs' refiling of the Motion caused no delay in the judicial proceedings whatsoever. Further, the Defendants received the Motion with the Supporting Declarations two weeks before they filed their Notice of Appeal. As such, like *Leidel*, Defendants were fully aware of the claim for attorney fees and the amounts requested well in advance of the filing of their Notice of Appeal. Further, when Plaintiffs were notified of the error, Plaintiffs were informed by the Clerk that the July 2, 2009 filing date would be retained as evidenced in the Docket. Had Plaintiffs known that the Court would not relate back the filing, Plaintiffs would have immediately filed a Motion for

Extension.

Third, the reason for the refiling on July 6, 2009, was the July 2, 2009 filing was an inadvertent electronic formatting error. Plaintiffs timely filed all the necessary documents via CM/ECF on July 2, 2009 but the Motion and supporting declarations were inadvertently submitted as separate docket entries rather than a single entry with multiple attachments. Plaintiffs corrected this error the next court day, immediately upon being notified of the error by the Court, by resubmitting the Motion and supporting Declarations as a single docket entry with two attachments.

Fourth, Plaintiffs acted in good faith by submitting the motion and supporting declarations as separate docket entries via CM/ECF on July 2, 2009. They gained no tactical advantage whatsoever by resubmitting the motion on July 6, 2009 because the resubmitted documents did not differ in any way from the July 2, 2009 filing, except in the formatting as a single docket entry rather than multiple docket entries. Plaintiffs' formatting error was not willful—merely inadvertent. The Defendants were fully apprised on July 2, 2009 of the attorney fees claimed and the grounds in support thereof. The Defendants did not contend that they were prejudiced or that Plaintiffs acted in bad faith. The Defendants made no mention at all of the July 2, 2009 or the July 6, 2009 filings as somehow prejudicing their right to oppose the Motion or raising the issue on appeal. The Court can verify its own docket that the Plaintiffs filed the Motion and supporting Declarations on July 2, 2009, since the original July 2, 2009 filing still appears in the Docket at entries 119, 120, and 121. It is therefore not simply an excuse manufactured by the Plaintiffs after the fact.

///

///

///

///

324123.1                                    5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION ATTORNEY FEES
*Carpenter v. Michael Uhl, et al.*                                    CASE NO. 07CV0166 DMS POR

Although the two cases the Court cited in this Court's ruling stand for the general proposition that failure to file a timely motion for attorney's fees may constitute a waiver of the right to do so, neither case supports denial of a 6(b)(1)(B) extension under the circumstances of this case. For example, in *Port of Stockton v. Western Bulk Carrier KS*, 371 F.3d 1119, 1122 (9th Cir. 2004) the facts concern an extreme example where a prevailing defendant did not file a motion for attorneys fees, but rather initiated a separate action—*two years later*—in an effort to recover the fees. The district court dismissed the action on the grounds of res judicata. The Ninth Circuit upheld on the grounds that attorneys fees may only be recovered by motion in the underlying case, and by failing to timely file such a motion, defendant waived its right to recover them. Clearly, those are not the facts presented by the instant case.

As such, the Plaintiffs respectfully submit that good cause exists for the filing of the Motion on July 6, 2009 given that the Plaintiffs actually filed, albeit in error, on July 2, 2009. The Defendants were not prejudiced by the delay in that they received the Motion on July 2, 2009 and there was no delay in the proceedings as a result of the re-submission of the Motion and Supporting Declarations. The Plaintiffs acted at all times in good faith, but inadvertently did not link the Motion to the supporting Declarations when it was filed with the Court on July 2, 2009. Immediately upon being apprised of the error, the Plaintiffs re-filed the Motion and linked the supporting declarations on July 6, 2009. Therefore, the Plaintiffs submit good cause exists and request this Court to provide an extension to the filing of the Motion pursuant to Fed. R. Civ. P. 6(b)(1)(B).

III.  PLAINTIFFS ARE ENTITLED TO THEIR REASONABLE ATTORNEYS' FEES.

Assessment of attorneys' fees and costs may be authorized by contract or statute. *Crowley American Transport Inc., v. Richard Sewing Machine Corp.*, 172, F.3d 781, 785 (11th Cir. 1999) citing to *Woodard v. STP Crop.*, 170 F.3d 1043, 1045 fn. 3 (11th Cir.

1999). In the instant case, the parties agreed that the prevailing party shall be entitled to its reasonable attorney's fees. The contract between the parties, The Standard Towage Agreement, states in pertinent part:

> Governing Law/Jurisdiction: This agreement shall be governed by the general maritime law of the United States, or by the laws of the State of California in the event there is no applicable general maritime rule of law. The parties submit to the exclusive jurisdiction of the United States District Court located in San Diego, California, with respect to any litigation arising out of this Agreement or out of the performance of services hereunder. With further respect to any litigation arising hereunder, the substantially prevailing party in any such action shall be entitled to its reasonable attorney's fees." [Trial Exhibit No. 1; see also Exhibit "2" to the Declaration of Robert J. Wolfe filed concurrently herewith]

There can be no doubt that Plaintiffs were the prevailing party, let alone the substantial prevailing party. The Court found that the Plaintiffs shall recover $591,529.13 in damages from the Defendants and that the Defendants recover nothing on their Counterclaim. *See*, Findings, Section III, pg. 21. Given the Court's findings, the Plaintiffs are the prevailing party and entitled to attorney's fees pursuant to the agreement reached between the parties as set forth in the Standard Towage Agreement.

Because of the sinking of the Albion, Plaintiffs retained two law firms in this matter. On February 11, 2005, the Plaintiffs retained the law firm of Engstrom, Lipscomb & Lack ("EL&L") to assist the Plaintiffs through the quagmire of insurance related issues, governmental agencies, the recovery of the Albion and to prosecute litigation against the responsible parties to recover the Plaintiffs' losses as a result of the sinking of the Albion. Thereafter, the Plaintiffs also retained the services of Cogswell, Nakazawa & Chang ("CN&C") to assist the Plaintiffs in the prosecution of their claims against the Defendants. Both firms provided services in connection with the litigation that ensued as a direct result of the Defendants' negligence in connection with their services provided under the Standard Towage Agreement.

///

1  In addition to the litigation against the Defendants, and as a result of the Defendants' negligence, the Plaintiffs were also forced to retain the services of EL&L to interact with, and bring litigation against, their insurance carrier because of a coverage dispute regarding the claims by various governmental agencies. Further, the Plaintiffs required the services of EL&L and CN&C regarding litigation brought by the United States asserting damage to the Monterey Bay Marine Sanctuary caused by the sinking of the Albion. As set forth above, the Plaintiffs were also forced to file the instant action against the Defendants to prosecute their claims and defend the Counterclaim brought by the Defendants.

With respect to the litigation commenced by the United States and the instant action, EL&L and CN&C did not duplicate efforts, and the services performed by each firm was necessary and reasonable for the prosecution/defense of the actions. Although each firm used different mechanisms of compensation, CN&C was compensated on an hourly basis and EL&L performed on a contingent fee basis, both firms' methods and rates of compensation are reasonable and customary. Based upon the Supplemental Declarations of Robert J. Wolfe and Alan Nakazawa filed concurrently herewith, as well as those Declarations filed in connection with the August 14, 2009 hearing, [Docket Nos. 128, 142] the Plaintiffs respectfully request that the Court award reasonable attorney fees in the amount of $125,046.00 for services rendered by CN&C and $289,034.99 for the services rendered by EL&L for a total of $414,080.99 in attorney's fees.

As the declarations establish, experienced maritime attorneys in the San Diego area bill at the rate of $225.00 per hour to $425.00 per hour. *See*, Supplemental Declaration of Alan Nakazawa, pgs. 3-4, ¶¶ 6-8 [Docket No. 142]; *see also*, Declaration of William "Bill" Banning, [Docket No. 145]; *see also*, Declaration of Charles W. Arnold, pg. 2, ¶3. [Docket No. 138]

///

Mr. Nakazawa is an experienced maritime lawyer, a partner at CN&C, with over 31 years of maritime practice. *See*, Supplemental Declaration of Alan Nakazawa, pg. 2, ¶¶ 6-8 [Docket No. 142]. Mr. Nakazawa, in the instant case, charged an hourly rate of $275.00 per hour. *See*, Declaration of Alan Nakazawa, pg. 2, ¶4 [Docket No. 128]. Robert J. Wolfe is an experienced litigation attorney specializing in complex protracted trials. Mr. Wolfe is a partner in E,L&L and has tried over fifty matters to conclusion, both jury and bench trials, which successes has resulted in multiple eight figure jury verdicts. Mr. Wolfe has been admitted to practice law in the State of California for twenty-one years. *See*, Declaration of Robert J. Wolfe, pg. 2, ¶2 [Docket No. 142] Unlike the fee arrangement by CN&C, E,L&L represented the Plaintiffs on a contingency fee agreement. As such, as stated in the attached Supplemental Declaration of Robert J. Wolfe, the total hourly rate, based upon a contingency fee recovery of $289,034.99 divided by the hours expended by the firm, the blended rate was $244.88 per hour. *See*, Declaration of Robert J. Wolfe, pg. 6, ¶13. In non-contingency business litigation matters, Mr. Wolfe's current hourly rate is $450.00 - $500.00 per hour. *See*, Declaration of Robert J. Wolfe, pg. 3, ¶ 4 [Docket No. 142]; *See also*, Supplemental Declaration of Robert J. Wolfe, pg. 6, ¶13. However, setting aside the contingency fee in this matter for a moment, a modest attorney fee, calculated on an hourly basis, would result in a fee for E,L&L services in the amount of $303,756.50--fourteen thousand less than that requested by the Plaintiffs. *See*, Declaration of Robert J. Wolfe, pg. 4, ¶ 4 [Docket No. 142] The present request by the Plaintiffs for the fees owed to E,L&L would result in the following hourly rates:

      Robert J. Wolfe. . . . . . $270.00 per hour

      Robert T. Bryson. . . . .$180.00 per hour

      Edward P. Wolfe. . . . . $165.00 per hour

Further, the above calculation does not take into account no compensation for

324123.1      9
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION ATTORNEY FEES
*Carpenter v. Michael Uhl, et al.*      CASE NO. 07CV0166 DMS POR

paralegals who performed work on the instant matter. *See*, Supplemental Declaration of Robert J. Wolfe, pg. 12, ¶17. Therefore, the Plaintiffs respectfully request that this Court award the Plaintiffs $289,034.99 in fees for the services of E,L &L and $125,046.00 for atotal of $414,080.99.

## IV.  CONCLUSION

The Plaintiffs respectfully submit that their inadvertent failure to properly file the Motion and supporting Declarations on July 2, 2009 worked no prejudice to the Defendants. To deny the Motion for attorney fees on the grounds that the Motion was not timely filed would result in a severe prejudice to the Plaintiffs and a windfall to the Defendants. As such, the Plaintiffs respectfully submit good cause exists for the filing of the Motion and supporting Declarations on July 6, 2009 and request this Court to grant an extension to July 6, 2009, one business day following the fourteen day rule. Plaintiffs further submit that the Plaintiffs, pursuant to a contractual agreement, are entitled to reasonable attorney fees. Plaintiffs have incurred attorney fees in the amount of $414,080.99 as a result of the instant litigation. These fees were reasonable and necessary and the method of compensation and the hourly rates are customary.

Dated: October 6, 2009                          ENGSTROM, LIPSCOMB & LACK

By /s/ Robert J. Wolfe
   ROBERT J. WOLFE
   Attorneys for Plaintiffs
   ALAN CARPENTER and
   TRACY RAGSDALE

# CERTIFICATE OF SERVICE

*Alan Carpenter, et al. v. Tug MICHAEL UHL, et al.*
*U.S. District Court, Southern District of California,* Case No. 07 CV 0166 DMS POR

I hereby certify that on October 6, 2009, a copy of the foregoing **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REASONABLE ATTORNEYS' FEES** was filed electronically. Notice of This filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system:

Alan Nakazawa
Cogswell Nakazawa & Chang, LLP
alan.nakazawa@ecd-law.com

Marilyn Raia
Bullivant Houser Bailey, PC
marilyn.raia@bullivan.com

Norman J. Ronneberg, Jr.
Bullivant Houser Bailey, PC
norman.ronneberg@bullivant.com

I declare under penalty of perjury under thye laws of the United States of America that the foregoing is true and correct.

/s/ Robert J. Wolfe
Robert J. Wolfe

@PFDesktop\::ODMA/PCDOCS/ELLHMDM/324187/1